Mr. Justice Clayton
delivered the opinion of the court.
This is a writ of error, taken to the granting of a new trial, in the circuit court of Itawamba. A verdict had been rendered for the plaintiff, which was set aside by the court, and a new trial granted. The writ of error was prosecuted before the new trial took place, and before any final judgment in the court below.
The bill of exceptions does not set forth the evidence, but states that the- new trial was granted, because the court had erred in charging the jury, “ That a still in a still-house, and in use and attached to the still-house, is a personal chattel, and that it is not necessary for the relation of landlord and tenant to *293 exist, to warrant its being treated and considered as a personal chattel, so as to authorize its removal.”
We cannot but think the writ of error, in this case, was prematurely sued out. The fourth section of the act, in regard to this court, directs that “no writ of error, or supersedeas shall be granted .in any case, until final judgment in the circuit court.” H. & H. 538. We do not think that this rule is varied by the subsequent act, allowing an appeal, or writ of error, from the granting or refusing of a new trial. H. & H. 493. The exception is taken at the time of the act done, but if it be to the granting of a new trial, the case is not brought up until the trial is had and judgment given. Upon the second trial the same result might follow as upon the first, when an appeal, or writ of error, would have become unnecessary, on the part of the party taking the bill of exceptions. The granting of a new trial is not a final judgment. The last statute referred to is not inconsistent with the first, and does not necessarily operate a repeal of it. After final judgment, if it be adverse to the party excepting to the granting of the new trial, he is entitled to the judgment of this court upon the propriety of the order. If, however, the final judgment be in his favor, there is nothing of which he can complain. A decision similar to this has been made in Tennessee. Carroll v. Caldwell, Mart. & Yer. 78.
There'.is another important particular, in which-the bill of exceptions fails to meet the requisitions of the statute. “ The substance of the evidence is not set out.” Without the testimony, this court cannot determine whether the instruction was a mere abstract charge, or was called for by the proof.
The importance of this rule, and of adherence to it, is fully exemplified by this case. The law, in regard to fixtures, is peculiarly dependent on special circumstances. In a former case we had occasion to state the rule, so far as any general rule could be deduced on the subject. Stillman v. Hamer, 7 How. 422, It is there laid down as the general rule, “ that whatever is fixed to the land is thereby made a part of the realty to which it adheres, becomes parcel of the freehold, and partakes of all its incidents and properties.” This is the general *294 rale, but many qualifications and exceptions have been en-grafted upon it, from a concern for the interests of trade and manufactures, for the convenience and comforts of tenants, and from the varying exigencies of society. The greatest relaxation of the rule is made in the case of landlord and tenant, in favor of the latter, and of tenant for life and remainderman, in favor of the former. It is applied with the greatest strictness between the heir and executor, and vendor and vendee. The modifications of the rule have been made from time to time, from the pressure of peculiar circumstances.” Ib.
It would thus seem that the general rule of law is, as declared by the circuit judge in granting the new trial, if there are any peculiar circumstances to modify that rule, they must be shown to exist by the testimony. We shall not attempt to forestall the party in his proof, but leave him to make out a case', if in his power, which will be exempted from the operation of the general rule.
On the whole, the order of the court below is affirmed, and the cause remanded for a new trial.