REGINA M. JACOBS *v.* NEW YORK LIFE INSURANCE CO.

APPEAL. *Demurrer to declaration sustained. Finality.*

> If plaintiff does not, during the term, obtain leave to amend, a judgment sustaining a demurrer to a declaration, though not expressing that the action is dismissed, is final, and may be appealed from.

FROM the circuit court of Copiah county.

HON. J. B. CHRISMAN, Judge.

Motion in supreme court. Action in the court below by Regina M. Jacobs against the New York Life Insurance Company. A demurrer to the declaration was sustained, the order of the court thereon being as follows: "This cause coming on for hearing on demurrer of defendant to plaintiff's declaration and the court having heard and considered the same, here, now sustains said demurrer." There was no order in terms dismissing the suit. From this judgment plaintiff appealed. The case having been docketed and the transcript

filed, the following motion was made: "Appellant moves the court to dismiss the appeal herein taken, as being premature and this court having no jurisdiction, because the judgment of the court below from which said appeal was taken is not final, and for a writ of *procedendo*."

*Mayes & Harris*, for motion.

The order appealed from is not a final judgment. 12 Am. & Eng. Enc. L., 65. It is only from a final judgment of the circuit court that an appeal can be taken. Code 1892, § 32. This is a question of jurisdiction of the court, not personal, and consent of the appellant cannot confer it, else any party can appeal to this court at any stage of a lawsuit and confer jurisdiction if his antagonist do not object. In this way, the dockets would be cumbered with consent appeals.

The writ of *procedendo* is proper in this exigency. The case will proceed thereunder as if no appeal had been taken. 19 Am. & Eng. Enc. L., 218.

*J. S. Sexton*, for appellee.

This motion comes with bad grace from appellant, and is, besides, without merit. The demurrer was general and to the entire declaration. Sustaining it was an end of the case. The term of court at which this judgment was entered closed, and appellant did not ask to amend, and, having failed to do this, the disposition of the case is final. See 1 Black on Judgments, 29 ; 13 Smed. & M., 127. A party who suffers defeat as the result of a demurrer must ask leave to plead over, and a failure to do so is a waiver of any rights in that regard.

The appellee, only, could raise the question now presented, and it does not do so, preferring to have the merits passed upon.

CAMPBELL, C. J., delivered the opinion of the court.

The motion will be denied. The order as entered on the minutes of the circuit court, sustaining the demurrer to the

declaration, although not expressing that the action was thereby dismissed, was, in substance and effect, a judgment that the plaintiff take nothing, and that defendant go hence without day. 5 Am. & Eng. Enc. L., 562.

It is not the duty of the court to offer the plaintiff leave to amend when a demurrer is sustained to the declaration. If desired, it must be asked for, and, if leave to amend is not obtained during the term, the judgment is final and the case disposed of, so that costs may be taxed, and an appeal may be prosecuted from the judgment as final.

*Motion denied.*