EDWARD WEATHERSBY v. PEARL RIVER LUMBER COMPANY.

[41 South. Rep., 65.]

CHANCERY PRACTICE.  *Decrees.  Res adjudicata.  Demurrer.*

A decree sustaining a demurrer to a bill in equity and dismissing the suit, subject to complainant's right to amend the bill in a designated time, is, after the expiration of the time and complainant's failure to amend, a final adjudication of what was or might properly have been pleaded in the case, and bars another suit on the same cause of action.

FROM the chancery court of Lincoln county.

HON. ROBERT B. MAYES, Chancellor:

Weathersby, the appellant, was complainant in the court below; the lumber company, the appellee, was defendant there.    From

a decree of the court below, sustaining a plea of *res adjudicata* and dismissing his bill, the complainant appealed to the supreme court. The facts are stated in the opinion of the court.

*P. Z. Jones,* for appellant.

The bill filed in the first suit was defective in that it failed to deraign the title properly as required by sec. 501 of the annotated code of 1892. It failed to show that the United States had parted with its title and also failed to show when, how or from whom the complainant's father, W. G. Weathersby, acquired the title of the land embraced in the suit.

The demurrer in question went both to the form and the substance of the bill of complaint, and was general in its nature. The bill deraigned at considerable length the claim of title asserted by the defendant, but failed entirely to give a sufficient deraignment of complainant's title. It was not necessary to deraign the defendant's title, but the law is imperative in this respect with reference to the complainant as to his own title. A mere statement that the complainant is the real owner of the land is not sufficient under Code 1892, § 501. The bill of complaint to which the demurrer was filed merely alleged that the complainant's father died in 1870, being the real owner of the land at the time of his death, and that the complainant acquired title by inheritance from his father by conveyance from the brothers of the complainant. The objection to the bill on this particular point was good, as the complainant thought, but he was of the opinion that it could be removed by restating his case, and he therefore submitted to the demurrer and obtained leave to amend the bill.

Where a general demurrer to both the form and the merits is sustained, the presumption is that it was for form, and is therefore no bar to a second suit. *Klienschmidt* v. *Binzel,* 43 Am. St. Rep., 607.

If the plaintiff fails on demurrer in his first action from the omission of an essential allegation in his declaration, which is

fully supplied in the second suit, the judgment in the first suit is no bar to the second, although the respective actions were instituted to enforce the same right. *Gould* v. *Railroad Co.,* 91 U. S., 526, and Rose's notes thereon. Judgment that the declaration is bad in substance cannot be pleaded as a bar to a good declaration for the same cause of action, because it is in no just sense a judgment upon the merits. *Gilman* v. *Rives,* 10 Peters, 298.

A judgment sustaining a demurrer is not a bar unless the record affirmatively shows a decision on the merits. *Estep* v. *Larsh,* 21 Ind., 197; *Hassell* v. *Nutt,* 14 Tex., 265.

The appellee relies on the case of *Straw* v. *Railroad Co.,* 73 Miss., 446 (s.c., 18 South. Rep., 847), which case merely decided that a judgment on demurrer going to the merits of the action is a perfect bar to the second suit.

*Brennan & Hannah,* for appellee.

The doctrine of *res adjudicata* is plain and intelligible, and amounts simply to this, that a cause of action once finally determined, without appeal, between the parties, on the merits, by a competent tribunal, cannot afterwards be litigated by a new proceeding either before the same or any other tribunal. *Foster* v. *Busteed,* 100 Mass., 409.

Every fact essential to the doctrine of *res adjudicata* is admitted here, except as to whether or not this case was determined on the merits, and whether or not the decree is sufficient on the facts and circumstances before the court to support the plea of *res adjudicata* and preclude the appellants here, complainant in the court below, from asserting his rights in a new proceeding. It is settled beyond doubt that where a demurrer goes to the merits of the case, a judgment thereon will constitute *res adjudicata;* where the demurrer is sustained and judgment entered for the demurring party on the ground that the opposing party has not shown a good cause of action, or defense, or where the judgment is overruled and judgment entered for the opposing party

on the facts as confessed by the demurrer, it is sufficient. 24 Am. & Eng. Ency. Law (2d ed.), 799; *Straw* v. *Illinois, etc., R. Co.,* 73 Miss., 446 (s.c., 18 South. Rep., 847).

Each and every of the grounds of demurrer alleged goes to the merits of the cause of action.

We think it is very clearly settled, and all the authorities concur in the proposition, that if a cause of action is submitted on the merits by the demurrer, admitting the facts alleged, but placing over against them in the judicial scale the proposition of law that the facts pleaded and thus admitted are insufficient to warrant judgment in favor of the pleader; and upon due weighing of the law and the facts, those facts are adjudged insufficient by sustaining the demurrer and this ruling is allowed to stand; those facts thereby pass under the rule of things adjudicated; and that party against whom such adjudication proceeds is thereby barred from again asserting the same facts in another action pertaining to the subject as effectually as though such facts were found from the proof or admitted in the course of the trial. *Gould* v. *Evansville R. Co.,* 91 U. S., 526; *Bissell* v. *Spring Valley,* 124 U. S., 225 (83 Am. Dec., 396).

CALHOON, J., delivered the opinion of the court.

This suit was first brought in the year 1900, when the bill was demurred to because (1) there was no equity on its face; (2) failure to deraign title; (3) no title shown in complainant; (4) bill shows title in defendant; (5) bill fails to show any redemption by complainant of the land sold for taxes. This demurrer was sustained on September 20, 1900, the decree being in the following words: "This cause having been set down for hearing on bill and demurrer, it is ordered by consent that the demurrer be sustained and the bill dismissed, and that complainant have sixty days in which to file amended bill, if he so desires." There the litigation ended; no amended bill ever having been filed, or sought to be filed. That decree was a final adjudication of what was pleaded, or might properly have been pleaded, in the bill in

that cause.    24 Ency. Law and Procedure, 714; *Phillips* v. *Wormley,* 58 Miss., 398; *Straw* v. *Illinois, etc., R. R. Co.,* 73 Miss., 446 (s.c., 18 South. Rep., 847).    The present new bill, filed nearly five years afterwards, cannot be supported on the ground that the demurrer to the former one might possibly have been sustained only because it did not deraign title or show complainant's privity with the title.    The decree does not so adjudge, and no amendment was offered.

*Affirmed.*