WALTER SHAW *v.* LAUREL OIL & FERTILIZER COMPANY.

[45 South., 878.]

RES ADJUDICATA. *Pleadings. Practice. Confession of demurrer. Failure to file amended declaration.*

After the dismissal of the suit, though only for failure to secure costs, a judgment sustaining a confessed demurrer going to the merits of the case, followed by plaintiff's neglect to amend within the time allowed therefor, is *res adjudicata*, and bars a new suit on the same cause of action.

FROM the circuit court of, second district, Jones county.

HON. ROBERT L. BULLARD, Judge.

Walter Shaw, an infant, suing by his father as next friend, appellant, was plaintiff in the court below, and the Laurel Oil & Fertilizer Company, appellee, was defendant there. From a judgment in favor of the defendant the plaintiff appealed to the supreme court.

In 1905 the plaintiff sued defendant company to recover for injuries received while an employe of defendant. To this declaration the defendant demurred because the declaration showed that the injury was in part sustained through plaintiff's own negligence and in part through the fault of his fellow servant. The demurrer was confessed by the plaintiff and sustained by the court as confessed, and thirty days after adjournment of the term was granted plaintiff to file an amended declaration. At the same term of court, on defendant's motion the plaintiff was required, under Code 1892, § 862, to give security for costs. One year afterwards at a term of the court the cause was dismissed because plaintiff had failed to give security for costs.

Subsequently, and after the dismissal, the plaintiff instituted a new suit against defendant, predicated of the same cause of action. To this new suit the defendant pleaded *res judicata,* setting up the action of the circuit court in sustaining the defendant's demurrer in the former suit and the failure of the plaintiff to amend. The plaintiff filed a replication to the plea, substantially pleading *nul tiel* record.

*Shannon & Street* and *Alexander & Alexander,* for appellant.

It is unnecessary to discuss the effect of sustaining a demurrer and dismissing the suit because of plaintiff's failure to amend his declaration. In this case the former dismissal was for the sole reason that the plaintiff did not give the required security for costs; and the judgment so recites. The question, then, is whether a dismissal for inability or even refusal to give security for costs is such a judgment on the merits as to be *res judicata.*

The law is generally found to be what it ought to be. It

ought not to be that a poor person who sued to establish a right and is confronted by an order for security for costs, and who is without solvent friends to become sureties on his bond, or who is too self-respecting to make proclamation of his poverty, should be barred from the courts except by lapse of such period as bars all litigants.  It does not consist with that regard and consideration shown by our laws and courts to the weak and destitute to say to them when they sue, that, because they are un- able to pay costs or secure their payment, they cannot subse- quently sue when they are able to find security.  No one would expect such to be the law.

No judgment or decree is ever *res judicata* unless it be on the merits.  The merits must have been actually or necessarily in- volved.  *Agnew* v. *McElroy,* 10 Smed. & M., 552; *Johnson* v. *White,* 13 Smed. & M., 584.  A dismissal for failure to prose- cute is not a bar to a subsequent suit.  *Baird* v. *Bardwell,* 60 Miss., 164; *Clay County* v. *Chickasaw County,* 63 Miss., 289; 24 Am. & Eng. Encyc. of Law (2d ed.), 804.

It is true that when a dismissal is had for cause and the term expires, it is a final disposition of that particular case.  The case is off of the docket, and cannot at a subsequent term be re- vived.  Such is the holding of *Hunt* v. *Griffin,* 49 Miss., 742, and of *American Burial Case Co.* v. *Shaughnessy,* 59 Miss., 396.  But we have here in the present case no revival of the former suit.  That suit is off of the docket, and the plaintiff is liable for the costs therein accrued.  Whether he be able or not to pay the costs, the legal liability to pay the same is upon him. But this present case is a new suit, and nothing but a previous judgment on the merits will bar the same.

It would be a reproach to our laws and courts if one who has to suffer a discontinuance because temporarily unable to give se- curity for costs should be deprived forever of his day in court. Defendant was not content, in the former suit, with having its demurrer sustained.  It at once interposed a motion, and se- cured order thereon, for security for costs.  This action put it

beyond the power of the plaintiff to file an amended declaration until the security should be furnished or affidavit of poverty be filed. Had plaintiff tendered an amended declaration, the clerk of the circuit court would have had the right to refuse to file it. Indeed, we think he would have been under the duty to refuse to file it. Code 1892, §§ 861, 862; Code 1906, §§ 939, 940. The order for security for costs stops all proceedings until the order be complied with, and no more steps can be taken and no more costs be incurred. Yet, here the defendant demurs and requires a new declaration and, at the same time, gets an order for costs which effectually prevents the filing of an amended declaration under the circumstances.

A dismissal not on the merits amounts to an involuntary discontinuance. Defendant is no longer bound to attend on the suit. But it does not prevent a new suit. *Hunt* v. *Griffin, supra;* 2 Am. & Eng. Encyc. of Law (2d ed.), 808.

*R. E. Halsell,* for appellee.

The court below was correct in sustaining the defendant's plea of *res judicata. Weathersby* v. *Pearl River Lumber Co.,* 88 Miss., 535, 41 South., 65. See also *Straw* v. *Illinois Cent. R. R. Co.,* 73 Miss., 447, 18 South., 847, wherein it is stated by this court, that a judgment in a court of competent jurisdiction, in an action to recover for personal injury, sustaining a demurrer to the declaration, and dismissing the action, on the ground that the declaration showed the plaintiff to have been guilty of contributory negligence, is an adjudication, and bars a second action for the same injury.

As to the effect of the dismissal of a suit for failure to give security for costs, see *American Burial Case Co.* v. *Griffin,* 59 Miss., 398; *Hunt* v. *Griffin,* 49 Miss., 742.

The second declaration is based upon the same cause of action as the first and the judgment of the court below should be affirmed, since one of the grounds of defendant's demurrer to the first declaration was plaintiff's contributory negligence.

*Green & Green,* on the same side.

The basis of *res judicata,* which is a favored plea at law, is accurately set forth in 24 Am. & Eng. Encyc. of Law (2d ed.), 713. It is a rule of universal law pervading every well-regulated system of jurisprudence, and is put upon two grounds, embodied in various maxims of the common law; the one, public policy and necessity, which make it to the interest of the state that there should be an end to litigation: *interest reipublicae ul sit finis litium;* the other, the hardship on the individual that he should be vexed twice for the same cause: *nemo debet bis vexari pro eadem causa.* A contrary doctrine would subject the public peace and quiet to the will or neglect of individuals, and prefer the gratification of a litigious disposition on the part of suitors to the preservation of the public tranquility and happiness.

Counsel for appellant wholly misconceive the former record, and seemingly attach no importance to the sustaining of the demurrer and the granting to the plaintiff of a limited period of thirty days within which to amend his declaration, in the former suit. They fail to give this judgment in the former suit even the scantiest consideration. Yet this judgment was rendered by a court of competent jurisdiction in a pending cause between these identical parties and upon issue joined; and the effect of such a judgment, unappealed from, unreversed and still in effect, has been determined already by this court. *Weathersby* v. *Pearl River Lumber Company,* 88 Miss., 535, 41 South., 65; *Straw* v. *Illinois Central R. R. Co.,* 73 Miss., 446, 18 South., 847; *Jacobs* v. *Insurance Co.,* 71 Miss., 656, 15 South., 639.

In the case of *Weathersby* v. *Pearl River Lumber Co., supra,* a suit in chancery was brought in the year, 1900, and the bill was demurred to for different causes. The demurrer was sustained, the decree of the lower court reciting that "it is ordered by consent that the demurrer be sustained and the bill be dismissed, and that the complainant have sixty days in which to file amended bill if he so desires." There the litigation ended;

no amended bill having ever been filed or sought to be filed by the complainant. But a new bill was filed nearly five years afterward. And, on appeal, CALHOON, J., stated that the decree in the former suit "was a final adjudication of what was pleaded or might properly have been pleaded in that cause."

In *Straw* v. *Illinois Central R. R. Co., supra,* WOOD, J., said: "A judgment on demurrer, going to the merits of the action, is as perfect bar to a second suit on the same demand or cause of action, as a judgment on a verdict finding all the facts. This proposition is fundamental in the present case, and is elementary. We understand that there is no disagreement between counsel on this point." And, further, in his opinion he states: "Whether the former adjudication was right is not the subject of inquiry here now. It stands unappealed from, and it is, as it appears to us, decisive of the issue now presented to us, for it is the judgment of a court of competent jurisdiction, that, in the transaction in which the injury occurred and of which complaint is here made in this second suit, the plaintiff was guilty of contributory negligence."

For a fresh and vigorous exposition of this question, see *Kleinschmidt* v. *Binzel,* 43 Am. St. Rep., 604; and also *Fahey* v. *Esterly Machine Co.,* 44 Am. St. Rep., 554 and notes. Also *Phillips* v. *Wormley,* 58 Miss., 398; *Chiles* v. *Champenois,* 69 Miss., 603, 13 South., 840; *Bell* v. *Medford,* 57 Miss., 31; 24 Am. & Eng. Encyc. of Law (2d ed.), 780.

At the common law a judgment on demurrer was the final disposition of the case unless leave was given at the same term of court to withdraw the suit and plead over. *Jungnitch* v. *Iron Co.,* 121 Mich., 461.

In *Shattuck* v. *Miller,* 50 Miss., 391, this court said that "to determine whether a particular matter has become concluded by a former adjudication, the inquiry is whether it was involved or could have been insisted upon in the former suit. If that suit included within its remedial powers subject matter of the second suit, then it has become *res adjudicata;* for the law does

not tolerate splitting up a cause of action and a separate suit on each fragment."

In *Budford* v. *Kersey,* 48 Miss., 642, it was determined that a party who has failed to assert and litigate a claim or allowance in a suit in which he might with propriety have done so, will not be permitted to litigate it in a second suit unless the failure to do so in the first suit was caused by the fraud of his adversary and not by his own negligence. To the same effect is *Stewart* v. *Stevens,* 30 Miss., 66. See also *State* v. *Morrison,* 60 Miss., 81; *Gaines* v. *Kennedy,* 53 Miss., 107; *Thomas* v. *Phillips,* 4 Smedes & M., 359; *Corbett* v. *Craven,* 193 Mass., 35; *Kemper* v. *Bank,* 99 S. W. (Tex.), 113; *Tabler* v. *Castle,* 22 Md., 101; *Roach* v. *Roach,* 190 Mass., 254.

It is provided by Code 1892, § 862, in effect when the former suit was filed, that security for costs may be had upon compliance with certain requisites, and the effect of the plaintiff to give security for costs is that the suit shall be dismissed, and execution issued against the plaintiff for the costs accrued. In the former suit it appears that the appellant confessed the motion for the security for costs and that the order for security for costs was duly made, and that he failed to comply with the order of the court in that behalf, and that at a subsequent term of the court the cause was dismissed after the demurrer had been confessed. Even if the point as to *res judicata* under the confession of the demurrer were not well taken, still it was obligatory upon the appellant to reinstate the former suit by making a showing therein that will entitle him to give the security and proceed with the cause. If there was any reason why there was error in dismissing the former cause, then it should have been reviewed by an application to reinstate the cause in court, and not by starting a new cause and incurring more costs before the costs of the former suit were settled. *Bank* v. *Hudgeons,* 3 Tex., 9; *Frazer* v. *Moore,* 67 S. W. (Tex.), 427; *Gifford* v. *Roberts,* 84 N. W. (Mich.), 465.

MAYES, J., delivered the opinion of the court.

The case stated in the second declaration, filed in September,. 1906, is practically the same cause of action .as that stated in the one filed to the February term, 1905. To the declaration first filed, defendant interposed a demurrer reaching the merits of the case. The demurrer was confessed by appellant, and thirty days' leave given after the adjournment of court to 'file an amended declaration. When the demurrer was sustained to the first declaration, and at the same term in 1905, there was a, motion to require the plaintiff to give security for costs, which motion was sustained. At the February term, 1906, no bond having been given, as required by the order of the court, for the payment of the costs, a motion was made by the defendant to dismiss the case because of the failure of plaintiff to give bond as required. This motion was sustained, and the cause dismissed, on the 22d day of February, 1906. Nothing further· was done in the case, so far as the record shows, until September, 1906, when a new declaration was filed and a new suit commenced for the same cause of action; the second declaration slightly differing from the first, but based on the same cause of action as the first.

It will be noticed that there are two judgments in this case;. one dismissing the first suit, because no bond was given as required by the order of the court, and another sustaining the confessed demurrer. The judgment dismissing the suit for failure to give bond for cost was not on the merits of the case, and, if this were the only judgment involved, we would have no· hesitation in reversing it; but there is another judgment on the demurrer, which did involve the merits, and allowed thirty days in which to amend. The amendment was never made,. and the record does not show that there was ever any application to the court after the expiration of the thirty days to extend the time. This being the case, under this demurrer there was a judgment on the merits, and the plea of *res adjudicata*

was proper. There was no voluntary dismissal of the cause on the part of the plaintiff, though it is recited that the demurrer is confessed and the plaintiff allowed thirty days to file an amended declaration. Of course, when the demurrer was confessed, under the grounds assigned in the demurrer which went to the merits, it was a confession on the part of the plaintiff that the reasons assigned in the demurrer were sufficient to defeat the suit. As was stated above, there was no voluntary dismissal or agreement to dismiss; but the demurrer, which went to the merits of the case, was confessed. This case falls under the rule announced in the case of *Weathersby* v. *Pearl River Lumber Co.,* 88 Miss., 535, 41 South., 65; and the confession by the plaintiff of the demurrer "was a final adjudication of what was pleaded, or might properly have been pleaded, in the bill in that cause." *Straw* v. *Illinois Central R. R. Co.,* 73 Miss., 446, 18 South., 847; *Jacobs* v. *Insurance Company,* 71 Miss., 656, 15 South., 639.

*Affirmed.*