## H. B. MOORE v. T. M. EVANS.

[54 South. 438.]

APPEAL. *Final Decree. Demurrer.*

> A decree sustaining a demurrer to complainant's bill and allowing thirty days to file amended bill is not a final decree and is not appealable.

APPEAL from the chancery court of Pearl River county. HON. T. A. WOOD, Chancellor.

Suit by H. B. Moore against T. M. Evans et al. From an order sustaining a demurrer to his bill complainant appeals.

The facts are fully stated in the opinion of the court.

*Shivers & Shivers,* for appellant.

*T. M. Evans,* for appellee.

MAYES, C. J., delivered the opinion of the court.

In June, 1908, H. B. Moore instituted suit in the chancery court for the purpose of canceling certain clouds upon his alleged title to certain lands named in the bill of complaint. The bill was demurred to, and the demurrer heard on August 11, 1908; the court making the following decree: "It is ordered, adjudged, and decreed that said demurrer be and it is hereby sustained, and the complainant is allowed thirty days in which to file an amended bill of complaint, and the defendant is allowed until the next term of court in which to plead, answer, or demur, to which ruling the complainant then and there excepts and still excepts." The amendment allowed to be made was not made within the thirty days, nor at any time thereafter. Nothing further was done in the case whatever. It will be observed that the above

decree did not contain any order dismissing the bill of complaint if the amendment was not made within the thirty days; but the order, after sustaining the demurrer, simply allowed thirty days in which to file an amended bill.

Neither complainant or defendant did anything further in the case until August 4, 1910, nearly two years afterwards, when a petition for appeal was filed by complainant, and bond given, and the case brought to this court in this attitude. It is plain that this decree is not a final decree, and is therefore not appealable to this court, and must be dismissed. This case is different from the cases of *Shaw* v. *Laurel Oil, etc. Co.,* 92 Miss. 340, 45 South. 878; *Weathersby* v. *Pearl River Lbr. Co.,* 88 Miss. 535, 41 South. 65; *Barrier* v. *Kelly,* 81 Miss. 266, 32 South. 999, and *Jacobs* v. *Insurance Co.,* 71 Miss. 656, 15 South. 639. Later in this opinion we will point out the difference between this case and the ones just cited. In the case of *Barrier* v. *Kelly,* 81 Miss. 266, 32 South. 999, the appeal was dismissed by this court, because the same order sustaining a demurrer to the bill allowed sixty days to amend, and then allowed at the same time an appeal "to settle the principles of the case." In this aspect of the case, with no decree dismissing the bill, and before the expiration of the sixty days, an appeal was attempted to be prosecuted here, and the court disposed of the appeal as indicated above, holding that it could not take cognizance of the appeal, because not authorized by law, further stating that the complainant wiithin the sixty days might conclude to amend, or may have done so, for aught that appeared in the record, further holding that no decree could be appealed from unless it be final on its subject.

In the case of *Shaw* v. *Laurel Oil, etc., Co.,* 92 Miss. 340, 45 South. 878, a demurrer was filed to the declaration in the circuit court, and sustained by the court, and thirty days allowed in which to amend. At the same term of

court defendants made a motion for security for costs.
It will be observed that in the original decree sustaining
the demurrer there was no order of dismissal on failure
to make the amendment within a specified time.    One
year afterwards at a term of the court the suit was dis-
missed because of the failure to give security for costs.
Several months after all of the above had taken place,
a new declaration was filed on the same cause of action,
ignoring all that had transpired, and to this declaration
a plea of *res adjudicata* was filed.    This court sustained
the plea, holding that while the dismissal of the case
merely for failure to give bond for costs was not on the
merits, and would not of itself be sufficient to sustain
the plea, yet the dismissal was proper on another ground,
which did involve the merits, and sustained the plea, and
dismissed the suit.    In other words, the court treated the
dismissal of the case as a dismissal, both on account of
the failure of plaintiffs to make the amendment to the
declaration as required by the court and the failure to
secure costs, and, since a dismissal on the first of the
above grounds involved the merits, the matter was *res
adjudicata*.

In the case of *Weathersby* v. *Pearl River Lbr. Co.*, 88
Miss. 535, 41 South. 65, the decree of the court sustained
a demurrer to a bill in equity and allowed sixty days in
which to file the amended bill, and decreed, further, that
on failure to file the amendment within that time the bill
should stand dismissed.    The amendment was not made
within the sixty days, and some time afterwards, the
complainant undertook to litigate again the same cause
of action, and this court held that it was *res adjudicata*.
But it will be observed that the decree allowing the
amendment ordered the bill dismissed if the amendment
was not made within the time, thus differing in that par-
ticular from the decree in the case now on trial.

In the case of *Jacobs* v. *Insurance Co.*, 71 Miss. 656, 15
South. 639, it was held that a judgment sustaining a de-

murrer to a declaration merely, with nothing said in the judgment as to the dismissal of the declaration or allowing leave to amend, was nevertheless a final judgment, and could be appealed from; the court saying: "It is not the duty of the court to offer the plaintiff leave to amend when a demurrer is sustained to the declaration. If desired, it must be asked for, and, if leave to amend is not obtained during the term, the judgment is final, and the case disposed of, so that costs may be taxed, and appeal may be prosecuted from the judgment as final."

While it is quite true that the legal effect of a judgment sustaining a demurrer, where no leave to amend is granted, is to make the judgment final and of itself dismiss the bill, though the judgment does not in terms direct this to be done, yet when leave is granted, and judgment does not direct the suit dismissed on failure to make the amendment within the time allowed, the judgment is not final until the time granted for the amendment has expired, and the court, on motion or otherwise, enters a decree finally dismissing the suit. In this case no judgment of dismissal was ever made. This case is still a pending suit. The appellees could have made a motion at any time after the expiration of the thirty days to have this suit dismissed, and thus have ended it. The distinguished chancellor would doubtless have sustained the motion to dismiss as a matter of course, unless good cause was shown for the failure to file the amendment within the time allowed.

For the reasons indicated above, this appeal is dismissed, and costs taxed on appellant.

*Appeal dismissed.*