ELAM *v.* ELAM.

[91 South. 702. No. 22201.]

DIVORCE. *Whether wife's bill presents cause for temporary alimony, whether she requires it, and the husband's pecuniary circumstances are to be considered; wife's misconduct is not a subject of inquiry.*

On an application of the wife in a divorce proceeding for alimony *pendente lite,* the matters to be considered by the court are:

Whether the statements of the bill present a case for relief; whether the condition and circumstances of the wife are such as to require such allowance; and the pecuniary condition and circumstances of the husband. The wife's misconduct, even to the extent of living in adultery is not a subject of inquiry; and such misconduct will not defeat her right to temporary alimony.

APPEAL from chancery court of Alcorn county.

HON. A. J. McINTYRE, Chancellor.

Suit by Mattie Elam against Allen Elam for divorce, in which alimony was granted *pendente lite*, and the defendant was adjudged guilty of contempt and sentenced to imprisonment until he purged himself of such contempt, from which judgment he appeals. Affirmed.

*Thomas H. Johnston*, for appellant.

In the case at bar, the appellant in his answer to the rule, *nisi*, requiring him to show cause why he should not be punished for contempt and his petition to have the decree granting alimony *pendente lite* set aside and annulled, set up the facts not only that his wife had been guilty of acts of adultery, but she was then actually living in adultery with a person named. This was certainly an allegation of such a change in the condition of the parties as would warrant the court in hearing proof on this charge, and in entertaining his prayer for relief and, if the proof sustained the allegations, the court should most certainly have relieved appellant of the unjust, unfair and intolerable burden of supporting his guilty wife while she was living in adultery with her paramour.

This would unquestionably be true, unless in no sense of the word, this evidence would be competent in the husband's defense on the original hearing for alimony *pendente lite*. If it could not be shown on the original hearing for a decree for temporary alimony that the wife was living in adultery at the time, then we are free to admit that there is nothing in this contention of appellant, which

brings us to a discussion of th     cond assignment of error.

This assignment of error is predicated upon the action of the court in refusing to permit the appellant and his witnesses to testify and ·prove that appellee, since the rendition of said decree, had been living in adultery.

The learned chancellor in making this ruling on page 15 of the record, seems to think that this evidence would not have been competent on the original hearing of the application for temporary alimony, as this would have been going into the merits of the case, and for this reason it was not competent on the contempt proceedings. But this is not a divorce case in which adultery is charged by either party. Appellee in her bill charges cruel and inhuman .treatment, and appellant simply denies the charge.

We are willing to concede that had the husband in his answer to the original bill for divorce, made the recriminatory charge of adultery against the wife to show that she was not entitled to divorce, the merits of this charge, in so far as it pertained to acts of adultery committed prior to the filing of such answer, might not have been gone into, as, to a certain extent, this would have been going into the merits of the case; but where the wife in flagrant violation of the criminal laws of the state and the canons of decent society, is openly living in adultery, it would place an intolerable burden upon the husband to require him to pay alimony to support the wife who is guilty of such lascivious conduct. If such conduct as this were shown at the original hearing for alimony *pendente lite,* it seems to us that this should be a perfect defense to the action and no alimony should be allowed. But aside from any moral ground, it is at least to be presumed that if a woman is cohabiting with a man under such circumstances he is supporting her, and she should not be allowed a support from her husband while she is receiving support from another man.

In 2 Am. & Eng. Ency. of Law, (2 Ed.), page 190, the following principle of law is laid down, which seems

to us is consonant with reason, common sense, and justice, viz: "Where it is shown that the wife is living an abandoned and profligate life, alimony will not be allowed her on her denial."

If, under such circumstances, alimony would not be allowed the wife on her original application, and this is what appellant offered to prove, then surely such circumstances should be considered a perfect defense by the husband when he is cited for contempt.

No brief of counsel for appellee found in the record.

ANDERSON, J., delivered the opinion of the court.

Appellant, Allen Elam, was adjudged guilty of contempt of court, and sentenced to imprisonment until he purged himself of such contempt, from which judgment he prosecutes this appeal.

The appellee, his wife, sued him for divorce, and on her motion the court allowed her alimony *pendente lite;* the order for the payment of which appellant failed to comply with. Thereupon at the instance of appellee he was attached for contempt, to which attachment he answered that he was not in contempt of court, because at the time the order for the payment of temporary alimony was made the appellee, without his knowledge, was living in adultery with another man, and had since continuously so lived, and prayed that such order be revoked and he be discharged. On motion of appellee, appellant's said answer was stricken from the files, and the testimony offered by appellant in support of such answer ruled out by the court.

On an application by the wife for alimony *pendente lite* will the fact that she is living in adultery bar her from an allowance of such alimony? If this question be answered in the negative, then it becomes unnecessary to decide whether a decree allowing such alimony is interlocutory or final in its nature, in order to determine the further question whether, after the adjournment of the term of court at which it is allowed, such decree, may be revoked

or modified by the court. For clearly if such adultery of the wife is no defense to her claim for allowance of temporary alimony, it would be no ground for revoking or modifying a decree theretofore made for such alimony.

In *Porter* v. *Porter,* 41 Miss. 116, the court held that on an application for temporary alimony the matters to be considered by the court were: First, as to whether the statements of the bill present a case for relief; second, whether the condition and circumstances of the wife are such as to require such alimony; third, the pecuniary ability of the husband. And the court expressly held that on such an application the misconduct of the wife was not a subject of investigation. The principles announced in that case were recently reaffirmed in *McNeil* v. *McNeil* (Miss.), 90 So. 327. We believe the bench and bar of the state generally have looked upon the Porter case as excluding from the scope of inquiry, on an application for temporary alimony, the misconduct of the wife, including the fact of her living in adultery. There is authority elsewhere to the contrary, but we prefer to adhere to the principles declared in the Porter case.

*Affirmed.*