MAXEY *v.* MAXEY.*

(Division A. Jan. 28, 1929.)

[120 So. 179. No. 27549.]

*Corpus Juris-Cyc References: Husband and Wife, 30CJ, section 32, p. 519, n. 91. Duty of husband to support wife arising from marital relation see 13 R. C. L. 1188; 3 R. C. L. Supp. 128; 4 R. C. L. Supp. 850.

*Geo. T.* and *Chas. S. Mitchell,* for appellant.

456

*I. L. Sheffield,* for appellee.

SMITH, C. J.   This is a suit for a divorce by the appellee, the husband, and the appeal is from an order disallowing the appellant's request for alimony *pendente lite*. The relevant facts are, in substance, as follows: In 1926 the appellant, who was then living apart from the appellee, instituted a proceeding in the court below for separate maintenance and for the support of two children. The appellee there claimed that the appellant left him of her own accord without fault on his part. The court, on full hearing, refused to allow her any separate maintenance, but did allow a support fund for the children. No change in the situation of the parties has occurred since the decree in that proceeding was rendered.

The allowance of alimony *pendente lite* is simply a method of providing for the separate maintenance of the wife by the husband pending the determination of a divorce proceeding, she then living apart from him. While the marriage relation continues, the wife is only entitled to support from the husband when she continues to live

with him, provided he is willing for her to, and so acts that she can, so do. *Coffee* v. *Coffee*, 145 Miss. 872, 111 So. 377, with which compare *Winkler* v. *Winkler*, 104 Miss. 1, 61 So. 1, Ann. Cas. 1915C, 1250, and *Elam* v. *Elam*, 129 Miss. 36, 91 So. 702. In the appellant's suit for separate maintenance the court decided that she was not then entitled thereto, and, as no change in the situation of the parties appears, the decree then rendered is *res judicata* of the appellant's right to a separate maintenance here pending the dissolution of the marriage. Whether that decree would be *res judicata* here in event the situation of the parties had changed since it was rendered is, of course, not here presented; no such change appearing. We must not be understood as holding that, in event the former decree had not been rendered, the appellant would not be entitled to alimony *pendente lite*. Assuming that there is a marriage to be dissolved, "the general rule is, of course, that such alimony will be allowed, and the merits not inquired into." *Reed* v. *Reed*, 85 Miss. 126, 37 So. 642. In the Coffee case an examination of the original record discloses that the question of alimony *pendente lite* was submitted to and determined by the court on final hearing.

The court below allowed the appellant counsel fees, and the appellee in his brief complains thereof; but no question relative thereto is presented for the reason that no cross-assignment of error was filed.

*Affirmed and remanded.*