EXCELLO FEED MILLING CO. *v.* WARREN COUNTY.

(Division A.  May 26, 1930.  Suggestion of Error Overruled Dec. 8, 1930.)

[131 So. 270.  No. 28887.]

Brunini & Hirsch, R. L. McLaurin and Chaney & Culkin, all of Vicksburg, for appellant.

**Henry & Henry,** of Vicksburg, for appellee.

**Forrest B. Jackson,** Assistant Attorney-General, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

The appellant filed a petition in the form of an ordinary declaration in an action at law styled as such by the pleader, and which will hereafter be so referred to, by which it sought a writ of mandamus to compel the appellee to issue it a warrant for the amount of an indebtedness alleged to be due it by Bass & Co.. The declaration alleged that Bass & Co..is indebted to the appellant in the sum of two thousand seventy-four dollars for two carloads of "feed for mules" sold by it to them, with interest thereon; that Bass & Co. completed their contract to build the highway, and that subsequent thereto the appellant filed with the board of supervisors of Warren county a statement of Bass & Co.'s indebtedness to it, and thereupon, at a regular meeting, the board entered the following order: .

"It is ordered that the allowance heretofore during this term made to the contractors, B. H. Bass & Company, on and for their tenth final estimate, on the north scenic highway, west of the Yazoo river, be reduced from five thousand five hundred thirty-four dollars and fifty-eight cents by two thousand two hundred dollars to three thousand three hundred thirty-four dollars and thirty-eight cents, and the payment of said two thousand two hundred dollars be withheld until further and otherwise ordered, or until and unless either said B, H, Bass

& Company, or J. W. Clark, their assignee, shall give to the county and highway commissioners a good and sufficient bond in the penal sum of two thousand five hundred dollars to be approved by the clerk of the board and by the attorney for the highway commissioners conditioned to save harmless and indemnify the county and highway commissioners from and against all losses, payments, expenditures, damages and expenses whatsoever on account of paying to said B. H. Bass & Company or to their assignee, J. W. Clark, the said two thousand two hundred dollars, the same representing the claim of the Excello Feed Milling Company, of Memphis, Tennessee, for two thousand seventy-four dollars for feed for mules furnished to said B. H. Bass & Company, and approximately one year's interest thereon, which the board has been notified to hold for the benefit of the person legally entitled thereto.''

That since the making of this order the appellant has demanded, but the appellee has refused to issue to it, a warrant for two thousand seventy-four dollars and interest. The prayer of the declaration was for the issuance of a writ of mandamus directing the appellee to issue a warrant to the appellant for the amount due it by Bass & Co. A demurrer to this declaration was sustained, with leave to the appellant to amend. Thereafter the appellant filed an amended declaration in three counts. The first count reproduced the original declaration to which the demurrer had been sustained; the second is in assumpsit, counting on the order of the board of supervisors, hereinbefore set forth, as an obligation assumed by the board to pay to appellant the amount due it by Bass & Co., and prayed for a judgment against the county therefor; the third count is, in fact, two common counts, one alleging that the county was indebted to the appellant in the sum of two thousand two hundred dollars for the money ''before that time loaned, advanced to and paid, laid out and expended for

defendant at its request;" and the second that the county was indebted to the appellant in the like sum "for money before that time had and received by defendant for the use of plaintiff," and prayed for judgment therefor.

To this amended declaration the appellant filed a motion to strike it from the files, the ground therefor being that it "stated a cause of action altogether foreign, different and adverse to the original declaration." A demurrer, the ground of which is that each of the three counts sets forth "a separate and distinct cause of action;" and another demurrer, challenging separately each count as being insufficient in law for the maintenance of an action thereon.

The court below disposed of the motion to strike, and of the two demurrers, in one order or judgment, by which the motion to strike was sustained as to the first count, and overruled as to the second and third. The demurrer for misjoinder of causes of action was overruled, and the demurrer to the separate counts was sustained as to the second and third counts. This order did not expressly dismiss the action; but as no leave to again amend was obtained by the appellant, it was, in fact, an order of dismissal, and therefore appealable. Jacobs v. New York Life Ins. Co., 71 Miss. 656, 15 So. 639.

The first count of the amended declaration being merely a transcript of the original declaration, to which a demurrer had been sustained, the court below had the right to strike it from the declaration, unless the demurrer thereto, in the first instance, should have been overruled. 49 C. J. 692. It is true that the motion to strike was addressed to the whole declaration; but the court had the right to sustain it in whole or in part. This necessitates an examination of the ruling on the original demurrer.

The order entered by the board of supervisors sets forth merely an agreement by it to retain out of the money due by it to Bass & Co. an amount sufficient to cover the appellant's claim against them, and "to hold (it) for the benefit of the person legally entitled thereto." The board has no right to pay this money to the appellant except with the consent of Bass & Co. or its assignees, or pursuant to a judgment or decree of such character that Bass & Co. or their assignees will be thereafter barred from demanding its payment again by the board. The demurrer to the original declaration was therefore properly sustained, and consequently no error was committed by the court below in striking the first count from the amended declaration.

With the first count stricken from the amended declaration, the two remaining counts thereof are not subject to demurrer for misjoinder of causes of action, they being such as clearly can be joined in one declaration, and therefore that demurrer was properly overruled. The demurrer to the second count of the declaration was properly sustained for the reason hereinbefore assigned for sustaining the demurrer to the first count thereof.

The demurrer to the third count of the declaration, which, as hereinbefore stated, is in fact two counts, should have been overruled, for it sets forth two perfectly good causes of action, both in indebitatus assumpsit.

The judgment of the court below will be affirmed in so far as it dismisses the first two counts of the declaration, but will be reversed in so far as it dismisses the third count.

Affirmed in part, and reversed in part, and remanded.