LYNCH *v.* LYNCH.

(Division B.   October 27, 1947.)

[32 So. (2d) 358.   No. 36563.]

C. A. Bratton and Chester L. Sumners, both of Oxford, for appellant.

Stone & Stone, of Coffeeville, for appellee.

Argued orally by **Chester L. Sumners**, for appellant.

**Alexander, J.,** delivered the opinion of the court.

Bill for divorce and for ''alimony pendente lite for her support and maintenance from this day forward'' was filed by appellee, May 23, 1945, the cause being filed under the docket number 7984. Demurrer was sustained and the bill dismissed with an allowance of sixty days to amend. No amendment or further pleading appears in the cause.

A second bill was filed June 7, 1945, by appellee ''for the support and maintenance'' of complainant. It was an original proceeding and bore the court docket number 7991. Succeeding amendments and motions accumulated therein to the point where the learned Chancellor's characterization of the record as ''a Chinese puzzle'' is seen as a conservative appraisal.

We proceed to the controlling principles which the allowance of an appeal brings up for decision. The Chancellor sustained defendant's motion to dismiss the amended bill filed August 6, 1945, which, in addition to support and maintenance, prayed for "alimony both temporary and permanent" and for divorce. A plea of res adjudicata, interposed by the defendant, and based upon the dismissal of cause number 7894, was overruled. There was in the meantime a decree for "temporary alimony and support and maintenance of complainant" awarding her seventy-five dollars per month. The arrears of this allowance, accumulated during complainant's absence from the State which began shortly after dismissal of cause number 7984, were paid by complainant, who now resists further liability on the ground that he had in the meantime procured a divorce in the State of Arkansas.

The first original bill was one for divorce and separate maintenance both in its text and context. Rutland v. Rutland, 192 Miss. 613, 7 So. (2d) 553. Dismissal of the bill was res adjudicata of the issues of both divorce and maintenance. Maxey v. Maxey, 152 Miss. 454, 120 So. 179; 50 C. J. S., Judgments, Sec. 643. Filing of a later and separate suit for maintenance made record of an abandonment of the former and a waiver of the right of amendment. There is no showing why the demand for support was not there pressed (Crawford v. Crawford, 158 Miss. 382, 130 So. 688) and since it could have been therein decreed, it was thereby adversely adjudicated. Weathersby v. Pearl River Lumber Co., 88 Miss. 535, 41 So. 65; 50 C. J. S., Judgments, Secs. 712, 716 (citing Mississippi cases). See also Viator v. Stone, 201 Miss. 487, 29 So. (2d) 274; 20 Am. Jur., Judgments, Sec. 161; Griffith, Chancery Practice, Sec. 622. There is no showing in cause number 7991 of any change in condition of the parties. Maxey v. Maxey, supra. On the contrary the second bill is practically a rescript of the former allegations.

It is true that the last of a series of amendments asked cancellation of the Arkansas divorce, but such proceeding was defensive against the defendant's claim of absolution from matrimonial obligations. The Chancellor in overruling defendant's "motion to dismiss" commented upon the assigned ground that the Arkansas divorce acquitted him of further liability, but the decree only impliedly nullifies the extra-territorial effect thereof since the motion was overruled "in its entirety." While the propriety of injecting by amendment new matter, arising after filing of the bill, is open to question we make no application of such a rule since we deem it not a controlling principle here.

We therefore adjudicate only the plea of res adjudicata and, in applying the rule against the complainant, we are compelled to reverse and dismiss complainant's bill as amended. Such course is without prejudice to appellee to seek such adjudication of the matter of the foreign divorce as she may be advised is proper.

Reversed and decree here for appellant.