## PENNYAN v. ALEXANDER

No. 39985      January 9, 1956      84 So. 2d 388

January 23, 1956                    84 So. 2d 691

*L. W. Brown,* Starkville, for movant.

*George F. Henry,* Starkville, for movee.

McGehee, C. J.

## ON MOTION TO DISMISS APPEAL

This appeal is from an order of the circuit court sustaining a demurrer to an amended declaration, allowing the plaintiff sixty days to amend, and reciting that the plaintiff had announced that he "will not amend his pleadings." Instead of thereupon dismissing the suit, the court granted the request of the plaintiff for

an appeal to this Court. The effect of the order is to grant an interlocutory appeal, and the authority for which is granted only to the chancery court under Section 1148, Code of 1942. The motion of the appellee to dismiss the appeal must therefore be sustained.

Motion of appellee to dismiss the appeal sustained.

*Hall, Kyle, Holmes* and *Gillespie,* JJ., concur.

## ON SUGGESTION OF ERROR OR MOTION TO REINSTATE THE CASE.

McGEHEE, C. J.

On January 9, 1956 we sustained a motion of the appellee, Dewey Alexander, to dismiss the appeal in the above styled cause, on the ground that the same was taken from an interlocutory judgment of the circuit court, and that under Section 1148, Code of 1942, only the chancery court has authority to grant such an appeal.

The attorney for the appellee filed a certificate in connection with his motion to dismiss the appeal, saying that he had mailed a copy of the motion by United States mail, postage prepaid, to the attorney for the appellant, V. J. Pennyan, at his usual address. Such certificate complies with the rules of this Court as to notice of a motion to dismiss an appeal. Now, the appellant, by his attorney, has filed a suggestion of error to our action on the motion, or what may be termed a motion to reinstate the appeal, on the ground that he was out of the state between December 27, 1955 and until January 12, 1956, and did not receive a copy of the motion to dismiss the appeal. The suggestion of error or motion to reinstate the appeal is supported by the affidavit of the attorney for the appellant that he did not receive the copy of the motion to dismiss the appeal prior to the sustaining thereof on account of his absence from the state.

For a reconsideration of the matter, we are treating his suggestion of error and motion to reinstate the appeal, and the brief in support thereof, as an answer to the appellee's motion to dismiss the appeal and to appellee's brief in support thereof. Consequently, we have re-examined the entire record in the case, together with the assignment of errors and the brief filed in support thereof by the appellant October 12, 1955; and we find that the last order of the circuit court rendered in the cause recites that a demurrer filed by the appellee, Dewey Alexander, to the declaration and amended declaration of the appellant, V. J. Pennyan, "is hereby sustained, and the plaintiff given sixty days from this date to amend his pleadings. The plaintiff, announcing that he will not amend his pleadings, and having requested an appeal to the Supreme Court, and having excepted to this order (the order overruling the demurrer), said appeal is hereby granted under the statutes of Mississippi."

██ ■ The appellant contends on his suggestion of error or motion to reinstate the case that the last order of the circuit court was intended to be a final judgment. We know of no authority for an order sustaining a demurrer to be treated as a final judgment, unless it both recites that the party against whose pleading the demurrer has been sustained has declined to plead further, and that the case is therefore dismissed. ██ ■ We adhere to our opinion rendered on January 9, 1956 wherein we held that an interlocutory appeal cannot be granted except by the chancery court from an order sustaining a demurrer, unless the case is dismissed by a final judgment reciting the refusal of the pleader to plead further.

The suggestion of error or motion to reinstate the appeal is therefore overruled, without prejudice to the right of another appeal if and whenever a judgment is

entered by the circuit court which finally disposes of the case.

Overruled.

*Hall, Kyle, Holmes* and *Gillespie,* JJ., concur.