RODGERS, Justice:
This case came to this Court from the Chancery Court of Jackson County, Mississippi, from an order overruling a motion of the defendants (appellants here) to dismiss the original bill filed in this cause of action. The Chancellor granted an *779 appeal “in order to settle all the controlling principles involved in this cause and to avoid expense and delay.”
These are the essential facts as shown by the record. On November 5, 1962 the ap-pellee, Harlech R. Evans, filed a bill in the chancery court praying for a mandatory injunction against Mr. and Mrs. Theodore G. Helton, in which it is contended that the defendants’ house extends over on the real property of Harlech R. Evans. The bill of complaint prays for mandatory process to require the defendants to move the structure from the lot belonging to complainant.
The defendants were given time to plead, and on March 11, 1963 they filed a general demurrer to the original bill. On September 28, 1964, the chancellor sustained the demurrer. The order granted the complainant thirty days in which to amend the bill of complaint. The decree did not provide that unless the amendment was filed the original bill would stand dismissed.
A bill of exceptions filed in the pleadings shows that after two terms of court, December and March, had passed, the attorney for the defendants at each call of the docket requested the clerk of the chancery court to move to dismiss the suit as a stale suit in compliance with section 1578, Mississippi Code 1942 Annotated (1956), but that no motion was made by the clerk. The record shows that the defendants did not file a motion to dismiss the suit until March 7, 1967.
In the meantime, it is said, several attorneys had informed the attorney for the defendants that they represented the complainant; however, after defendants finally filed a motion to dismiss the original bill, an attorney other than the attorney who filed the original bill appeared and filed a motion on behalf of the complainant asking the court for additional time in which to plead. The attorney for the defendants objected to the appearance of new attorneys in the case, because, it is said, neither the former attorney nor the complainant had filed the required notice showing the termination of the original attorney’s employment as required by section 1301, Mississippi Code 1942 Annotated (1956).
On March 15, 1967, the chancellor overruled the motion to dismiss the original bill and the motion to refuse the new attorney of complainant the right to appear in court on behalf of complainant. It is from this order that the defendants have appealed to this Court.
An examination of the record, the briefs, and the authorities cited by the attorneys for the appellants and the appellee convinces us that the decree of the chancellor in overruling the motion was a matter addressed to his sound discretion, and we do not find that the chancellor abused his discretion in entering an order overruling the motion, for the following reasons.
First — Section 1301, Mississippi Code 1942 Annotated (1956) does not prevent a party to a litigation from employing more than one attorney. It simply provides that when an attorney has been employed and appears and is recognized as the attorney for a litigant, such attorney “shall thereafter be conclusively deemed as authorized to continue * * * as such solicitor for said party until a written notice by the solicitor or by the party, of the termination of the authority shall be filed among the papers in the cause.”
Second — Section 1302, Mississippi Code 1942 Annotated (1956) provides that amendments to the pleadings shall be allowed upon liberal terms to prevent delay and injustice. Motions to amend are, therefore, largely within the sound discretion of the trial judge.
Third — The order sustaining the demurrer to the original bill was not a final decree upon the merits of the case, and to make the decree final upon the merits it was necessary for the defendants to have moved the court to dismiss the suit. The *780 defendants, however, made no motion until many months after the date of the decree sustaining the demurrer.
Judge Griffith points out this rule in Mississippi Chancery Practice § 622 (2d ed. 1950) at 670-71:
“ * * * If a general demurrer going to the substance and merits of the bill be sustained and there is no provision in the decree allowing an amendment to the bill the decree is final, the cause stands dismissed on the merits and it is a bar to a subsequent suit, not only on the merits as pleaded but of all that might properly have been pleaded in that cause. It is not the duty of the court to offer leave to amend when a demurrer is sustained. If desired such leave must be asked for and an order obtained granting it, and unless such an order is obtained during the term the case is disposed of and the decree sustaining the demurrer will become a final decree dismissing the bill although the decree does not in terms direct this to be done. When leave to amend, within a certain time, is asked and is granted and the decree so allowing does not expressly direct that a failure to make and file the amendment within the time allowed shall operate of itself to dismiss the bill, then, although there is such a failure, the decree is not final, until on motion or otherwise, at a subsequent term a decree is entered finally dismissing the suit * *
Moore v. Evans, 98 Miss. 855, 54 So. 438 (1911); Beard v. McLain, 117 Miss. 316, 78 So. 184 (1918).
We are therefore of the opinion and so hold that the interlocutory appeal was improvidently granted, and the appeal is hereby dismissed. The case is remanded to the trial court for further proceedings in accordance with the foregoing opinion.
Appeal dismissed.
GILLESPIE, P. J., and BRADY, PATTERSON and SMITH, JJ., concur.