263 So.2d 790 (1972)
Volney Edgar FARNED, Plaintiff/Appellant,
v.
The AETNA CASUALTY & SURETY COMPANY, Defendant/Appellee.
No. 46704.
Supreme Court of Mississippi.
June 12, 1972.
Charles C. "Cliff" Finch, D. Briggs Smith, Jr., M. Collins Bailey, Batesville, for appellant.
Odom, Odom & Schissel, Greenwood, for appellee.
*791 PATTERSON, Justice:
This is an appeal from an order of the Circuit Court of the First Judicial District of Tallahatchie County sustaining a demurrer to the declaration filed therein. The issue before this Court is whether the order sustaining the demurrer was a final judgment which would have allowed an appeal or was an interlocutory order from which no appeal could lie. We reverse and remand.
The appellant, plaintiff below, brought this action against the Aetna Casualty & Surety Company to recover compensation for damages resulting from an automobile collision with a known uninsured motorist.
The defendant insurance company filed a general demurrer to the declaration, alleging that no cause of action was stated under the provisions of the uninsured motorist portion of the liability insurance contract and alleged that liability must be shown first against the known uninsured motorist.
The circuit court sustained the demurrer on December 9, 1970, and its order read as follows:
It is the opinion of the court that the legal liability of the uninsured owner or operator, where the same is known and amenable to process, either by personal or constructive service, must be first established in a sum certain by judgment, as a prerequisite to the filing of a suit against the insurance company of the insured owner or operator.
This is distinguished in this Court's mind from the case of the unknown owner or operator.
The appellant notified the reporter to transcribe the record and thereafter filed his appeal bond on December 24, 1970, after the expiration of the December term of court.
Subsequent to the above proceedings, in Harthcock v. State Farm Mutual Automobile Insurance Company, 248 So.2d 456 (Miss. 1971), this Court decided that an insured under the uninsured motorist coverage could bring a direct action against the insurer without first establishing the liability of the uninsured motorist whether known or unknown.
An appeal can be taken to the Supreme Court from a final judgment of the circuit court in a civil case. Miss.Code 1942 Ann. § 1147 (1956). While an interlocutory appeal from an order or decree of the chancery court is possible if certain restrictive conditions exist, as set out in Mississippi Code 1942 Annotated section 1148 (1956), no such appeal lies from a judgment of the circuit court except in an order for a new trial where the basis is excessiveness or inadequacy of damages. Miss.Code 1942 Ann. § 1536 (1956); Bradley v. Holmes, 242 Miss. 247, 134 So.2d 494 (1961).
This Court has attempted in numerous decisions to enumerate guidelines for determining the finality of an order sustaining a demurrer.
An order sustaining a demurrer is not final where leave to amend is granted unless a formal dismissal is made by the trial judge effective upon or after the expiration of the time to amend. Helton v. Evans, 208 So.2d 778 (Miss. 1968); Buckingham v. Jones, 154 Miss. 584, 122 So. 531 (1929); Moore v. Evans, 98 Miss. 855, 54 So. 438 (1911); Weathersby v. Pearl River Lbr. Co., 88 Miss. 535, 41 So. 65 (1906); and Griffith, Mississippi Chancery Practice, section 622 at 670-71 (2d Ed. 1950).
To be final an order sustaining a demurrer, which also grants an appeal during a term of the circuit court, should recite the refusal of the pleader to plead further and must contain a dismissal of the cause by judgment. Pennyan v. Alexander, 226 Miss. 419, 84 So.2d 388, 691 (1956); Roach v. Black Creek Drainage Dist., 206 Miss. 794, 41 So.2d 5 (1949).
*792 Where the circuit court as in the instant case sustained a demurrer and no leave to amend was granted, then the judgment became final at the end of the court term and an appeal could lie therefrom. Excello Feed Milling Co. v. Warren County, 159 Miss. 167, 131 So. 270 (1930); Jacobs v. New York Life Ins. Co., 71 Miss. 656, 15 So. 639 (1894).
We are of the opinion that the order of the circuit court sustaining the demurrer became final at the end of the term and that an appeal from this order would lie.
In the light of Harthcock, supra, which the trial judge did not have the advantage of, the general demurrer was improperly sustained. We therefore reverse and remand for a trial upon the merits.
Reversed and remanded.
GILLESPIE, C.J., and JONES, INZER and ROBERTSON, JJ., concur.