369 So.2d 768 (1979)
William Larry BOWMAN
v.
Roland S. RUTLEDGE.
No. 51149.
Supreme Court of Mississippi.
April 18, 1979.
Mitchell, McNutt, Bush, Lagrone & Sams, William C. Murphree, Tupelo, for appellant.
Michael Malski, Amory, Gary L. Carnathan, Glen H. Davidson, Tupelo, for appellee.
Before ROBERTSON, WALKER and LEE, JJ.
LEE, Justice, for the Court:
Roland S. Rutledge obtained judgment against William Larry Bowman for thirty-five hundred dollars ($3,500) in the Circuit Court of Lee County for personal injuries. The trial court sustained a motion of Rutledge for new trial and Bowman has appealed from that order.
On July 14, 1976, appellee was proceeding east on U.S. Highway 78 (Lee County) in a van vehicle. A gravel truck driven by one Earnest Knight was following him. Appellee stopped his vehicle because of an obstruction ahead, Knight came to a halt behind him, and Bowman, who was following Knight, drove a tractor-trailer truck into the rear of the Knight vehicle, causing it to collide with appellee's van, resulting in personal injuries to appellee.
Appellee filed a motion for new trial stating three (3) grounds, among which he contended *769 that the jury verdict was inadequate to compensate him for damages and injuries sustained.
The only error assigned and argued is that the court abused its discretion in ordering a new trial and the argument for both parties relates only to the adequacy of the verdict.
In his opinion sustaining the motion, the trial judge discussed contributory and comparative negligence and its effect on damages. He was of the opinion that all of the facts, both as to liability and damages, should be presented to another jury. The order granting a new trial recited that the court was of the opinion the damages assessed by the jury for the plaintiff are inadequate and a new trial should be granted, but, under the circumstances of the case, the new trial should be had on all issues.
The briefs and argument have not presented to this court the question whether or not we have jurisdiction of the cause in view of the trial court's order granting a new trial on all issues. Since that question is apparent on the record, we raise it pursuant to Rule 6, Miss.Sup.Ct. Rules.
Mississippi Code Annotated Section 11-7-213 (1972) provides:
"Every new trial granted shall be on such terms as the court shall direct; and no more than two new trials shall be granted to the same party in any cause. Provided, however, that when the sole ground for a new trial is the excessiveness or inadequacy of damages assessed, the party aggrieved may elect to appeal from the order granting a new trial." (Emphasis added)
The above section plainly provides that an appeal from an order for a new trial may be had only when the sole ground for new trial is excessiveness or inadequacy of damages. New trial in the present case was not granted on the issue of damages alone, but on all issues.
In Farned v. Aetna Casualty & Surety Co., 263 So.2d 790 (Miss. 1972), the Court said:
"An appeal can be taken to the Supreme Court from a final judgment of the circuit court in a civil case. Miss. Code 1942 Ann. § 1147 (1956). [Now § 11-51-3, MCA (1972)]. While an interlocutory appeal from an order or decree of the chancery court is possible if certain restrictive conditions exist, as set out in Miss. Code 1942 Annotated section 1148 (1956), no such appeal lies from a judgment of the circuit court except in an order for a new trial where the basis is excessiveness or inadequacy of damages. Miss. Code 1942 Ann. § 1536 (1956) [now § 11-7-213, MCA (1972)]; Bradley v. Holmes, 242 Miss. 247, 134 So.2d 494 (1961)." 263 So.2d at 791.
Also see City of Meridian v. Dickson, 266 So.2d 143 (Miss. 1972) and Terry v. Robins, 13 Miss. 291 (1845).
We hold that the order of the trial judge granting a new trial on all issues is an interlocutory order, that the appeal was untimely taken, and that this Court has no jurisdiction of same.
Therefore, the appeal is dismissed and the cause is remanded for new trial on all issues in accordance with the trial court order.
APPEAL DISMISSED AND CAUSE REMANDED FOR NEW TRIAL.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.