## V. A. DICKERSON *et al. v.* J. A. WEEKS.

[64 South. 731.]

1. TENANCY IN COMMON. *Purchase of outstanding title. Rights of Cotenant. Accounting.*

No mere lapse of time will bar one tenant in common from availing himself of the benefit of the purchase by another of an outstanding title to the common property, unless there are such circumstances as estop him from so doing, but in a partition the common property should be charged with a lien securing the purchasing tenant in the repayment of the money expended by him in making the purchase.

2. TENANCY IN COMMON. *Purchase of outstanding title. Rights of cotenant.*

Although a tenant in common who purchases an outstanding title to the common property will hold it as trustee for his cotenants, yet adult cotenants with knowledge or sufficient information to charge them with knowledge, must elect within a reasonable

time to hold the purchaser as a trustee, otherwise those who ac-
quire rights in the property from him in good faith will be
protected.

3. TENANCY IN COMMON. *Purchase of outstanding title. Liability of
cotenants.*
Where the note secured by the deed of trust under which land is
sold and purchased by a tenant in common was the joint note
of himself and wife, and each, as between themselves was only
liable for one-half thereof, he was only entitled to charge the
common property with the payment of one-half thereof, to which
right the purchaser from him succeeds.

4. TENANCY IN COMMON. *Accounting.*
Where an accounting is had in partition proceedings between co-
tenants, and one purchasing from another cotenant, who pur-
chased the common property at a foreclosure sale, the last pur-
chaser should be charged with his proportion of a reasonable
rent for the property for the time he has been in possession
thereof, and credited with his proportion of the amount ex-
pended in the purchase of the property by the cotenant, with six
per cent. interest annually thereon and also with amount ex-
pended for taxes, with interest and permanent and not orna-
mental improvements made by him.

APPEAL from the chancery court of Attala county.
HON. J. F. McCOOL, Chancellor.
Partition suit by V. A. Dickerson and others against
J. A. Weeks. From a conditional judgment for complain-
ants, they appeal.
The facts are fully stated in the opinion of the court.

*A. P. Dodd* and *L. Brame,* for appellants.

"Since the note secured by the deed of trust to J. A.
Davis, trustee, was the joint note of A. L. Dickerson
and his wife, did he, A. L. Dickerson, acquire any title
at all by his purchase at the foreclosure sale; did he
thereby simply redeem the land from a lien securing his
own debt?"
It is the contention of the appellants that A. L. Dick-
erson, by his said purchase under the trust deed, and

from J. A. Davis, trustee, did not acquire any title to the joint property.

This court has heretofore passed upon this identical point, and in each case, and uniformly has held that a joint tenant cannot acquire title to the common property by any such sale. *Wyatt* v. *Wyatt,* 81 Miss. 227; *Smith* v. *McWhorter,* 74 Miss. 400, 20 So. 870; *Walker* v. *Williams,* 84 Miss. 397; *Beamon* v. *Beamon,* 44 So. 987; *Smith* v. *McWhorter,* 74 Miss. 400; *Walker* v. *Williams,* 84 Miss. 392; *Wyatt* v. *Wyatt,* 81 Miss. 219; *Robinson* v. *Lewis,* 68 Miss. 69; *Clark* v. *Ramey,* 72 Miss. 151; *Hambles* v. *Harrison,* 80 Miss. 118.

This brings us to the third point indicated by this court for additional briefs, which is in words as follows: "If the preceding question should be answered in the affirmative, have or not the cotenants unreasonably delayed to assert their right to an interest in the land?" This leads to the question as to whether or not the appellants have delayed in ascertaining their rights so long that they are barred by the statute of limitations.

As will be observed by an inspection of the petition filed herein and it is uncontradicted, at the time A. L. Dickerson purchased the lands under the deed of trust, a number of the appellants were minors, and that at the date of his deed to J. A. Weeks, on October 11, 1902, the appellants, V. A. Dickerson and Mrs. May Burroughs had not attained their majority.

It will further be observed that this petition for partition was filed in January, 1911, and at the date of the filing of the said petition, J. A. Weeks had held the lands herein under his said deed from A. L. Dickerson for a period of eight years and three months approximately.

Section 2734 of the Code of 1892 (Section 3094, Code of 1906), provides that ten years adverse possession vests in the occupants complete title, saving to persons under disability.

In the case of *Hill* v. *Nash,* 73 Miss. 849, which is a very elaborately considered case, where laches, estoppel

and the statute of limitations was pleaded and relied upon, Judge WOOD, delivering the opinion of the court, among other things said: "Finally it is contended by counsel for appellant that as ten years, lacking only four days, intervened between the death of N. P. Ragan, the father, and the date of the institution of this suit, a court of equity, in the exercise of its own inherent powers, independently of the statute of limitation, may and should refuse relief, on the ground of discouraging stale claims, or gross laches, or unexplained acquiescence in the assertion of an adverse right. Much, and excellent authority is cited by counsel in support of this proposition, but it has been decided that there is no such thing as a stale claim, properly so called in this state, and, by positive law, the statute of limitation is to be applied in our courts of equity as in our courts of law. With us, no claim is barred, until the limitation of the statute has accrued. Code 1892, sec. 2731."

It, therefore, necessarily follows that unless the appellee, J. A. Weeks, has adversely held the lands in controversy for a period of ten years the appellants are not shut out and precluded from sharing in the lands in controversy.

Under section 2444 of Code of 1892, and sections 2762 and 2784 of Code of 1906, only the interest of the grantor is passed by a deed. Therefore, in this case, the deed of Dickerson to Weeks only carried with it Dickerson's interest in the land, to wit: a one-seventh interest thereof. See, also, *Knogle* v. *Brown,* 82 Miss. 611; *Walker* v. *Williams,* 84 Miss. 398; *Hignite* v. *Hignite,* 65 Miss. 447.

Adverse possession, to be available by one tenant in common as against his cotenant, must be shown to such an extent as amounts to a complete ouster, such as would have justified the cotenants in bringing a suit in ejectment. *Bentley* v. *Callahan,* 79 Miss. 302 and cases cited: *Alsobrook* v. *Eggleston,* 69 Miss. 833; *Day* v. *Davis,* 64 Miss. 253; *Eastman & Gardner* v. *Hinton,* 86 Miss. 604.

This brings us to the last point, concerning which additional briefs were desired, which is in words and figures as follows: "Should the last preceding question be answered in the affirmative, does it not follow that appellants have lost any right they may have had to share in the land; and if so, what harm was done them by permitting them to share in a partition thereof, provided they first repaid appellee the amount of the debts left by their mother and paid by him, conceding that they were in fact, in no way responsible to him therefor."

The cases of *Wyatt* v. *Wyatt, Walker* v. *Williams* and *Beamon* v. *Beamon, supra,* all carefully considered cases from this court, hold in the express language of the court, that a tenant in common, who purchases under the trust deed of the deceased ancestors through whom all acquire title, does not thereby acquire a greater interest in the lands than he already held, and that he holds same, subject to the price paid, for the use and benefit of his co-tenants. Therefore A. L. Dickerson by his purchase at the foreclosure sale, did not acquire any title to the lands in controversy other than he already had, and he held the lands as trustee for his children.

*Chalmers Alexander,* for appellee.

The second proposition concerns the following: "If, by purchasing at this trustee's sale, A. L. Dickerson did acquire a title to the property which inured to the benefit of his cotenants, was it not incumbent upon them, within a reasonable time after reaching maturity, to pay, or tender payment, of their share of the amount expended by him in making his purchase, in order to avail themselves thereof."

We answer this in the affirmative. In 23 Cyc. 492, it is set forth that in joint tenancy such a purchase will inure to the joint benefit of the purchase and his cotenants, providing that the other joint tenants elect within

a reasonable time to avail themselves of such adverse title, and contribute their ratable share of the expense of acquiring it; citing *Brittin* v. *Handy,* 20 Ark. 381, 73 Am. Dec. 497; *Weare* v. *Van Meter,* 42 Iowa, 128, 20 Am. St. Rep. 616; *Sneed* v. *Atherton,* 6 Dana (Ky.) 276, 32 Am. Dec. 70; *Bossier* v. *Herwig,* 112 La. 539, 36 So. 557; 17 Am. & Eng. Ency. of Law (2 Ed.), 679; *Stark-weather* v. *Jenner,* 216 U. S. 524, 54 Law Ed. 602; *Middleton* v. *Newport Hospital,* 1 L. R. A. 191; *Calhoun* v. *Delphi & M. R. Co.,* 8 L. R. A. 248; *Coffey* v. *Emigh,* 10 L. R. A. 125; *Pratt* v. *Carroll,* 3 L. Ed. (U. S.) 627; *Hammond* v. *Hopkins,* 36 L. Ed. (U. S.) 135; *Felix* v. *Patrick,* 36 L. Ed. (U. S.) 720, and *Abraham* v. *Ordway,* 39 L. Ed. (U. S.) 1037.

The third proposition concerns the following: "If the preceding question should be answered in the affirmative, have or not the cotenants unreasonably delayed to assert their rights to an interest in the land?

If thirteen years is not an unreasonable time for cotenants to exercise their rights, then there should hardly be any limit at all. *Stevens* v. *Reyonlds,* 143 Ind. 467, 52 Am. St. Rep. 433; *Seymore* v. *O'Keefe,* 44 Conn. 128 and 131.

We accordingly assert that the cotenants have unreasonably delayed to assert their rights to an interest in the land.

Answering the fourth proposition, we say that appellants have lost all right which they may have had to share in the land, and accordingly there was no harm done in the chancellor's permitting them to share in the partition thereof, providing they first did equity by repaying to Weeks the amount of the debts left by their mother.

It is evident that Code 1906, section 3525, reciting that controverted title and all equities shall be disposed of by the chancery court in a partition suit, was intended to mean that the equities should be disposed of before

the sale (or partition) and not thereafter. And in this case the chancellor correctly required the appellants to do equity trying to carve up the land among themselves or having it sold for division of proceeds.

Argued orally by *Geo. L. Teat* and *Chalmers Alexander,* for appellee.

SMITH, C. J., delivered the opinion of the court.

In 1898 Mrs. S. F. Dickerson died, leaving as her heirs several children, appellants herein, and her husband, A. L. Dickerson. She owned at the time of her death the land here in controversy, which was then incumbered by a deed of trust executed to secure the payment of the joint note by herself and husband for the sum of one hundred and seventy-five dollars. Shortly after, and during the year of her death, this deed of trust was foreclosed, the property purchased by the husband, A. L. Dickerson, and in October, 1902, he conveyed it to appellee. In October, 1911, nine years thereafter, this bill was filed by appellants, alleging that they, together with J. A. Weeks, were tenants in common of the land, and praying for a partition thereof. The chancellor granted the prayer of the bill on condition that appellants should first pay to appellee a certain sum of money which he had expended in the payment of the debts alleged to have been due by their mother at the time of her death, and for certain improvements alleged to have been put by him on the land, less rent for the time he had been in possession thereof. According to the contention of appellee, at the time of the death of Mrs. Dickerson she owed debts aggregating several hundred dollars, something over three hundred dollars of which was due to Weeks himself; that with the consent of appellants, A. L. Dickerson, their father, took charge of the land for the purpose of using and disposing of it, if necessary, in order to pay these debts; that with the knowledge and

approval of appellants he, appellee, paid off the debts and advanced the money with which Dickerson purchased the land at the trustee's sale, and that afterwards, with the knowledge and approval of appellants, he purchased the land; a part of the consideration therefor being the amount due him for having paid off and discharged these debts of Mrs. Dickerson.

One of appellee's contentions is that appellants, by not tendering to their father their *pro rata* of the money expended by him in purchasing the land at the trustee's sale, have lost all right to share in the benefit thereof. The rule frequently laid down in other jurisdictions and by text-books is that the purchase of an outstanding title to the common property by one tenant in common inures to the benefit of himself and of his cotenants who elect within a reasonable time to avail themselves thereof. In this state, however, no mere lapse of time will bar one tenant in common from availing himself of the benefit of the purchase by another of an outstanding title to the common property. In order for him to be barred from availing himself of such a title his delay must be accompanied by circumstances that estop him from so doing. When no estoppel arises, all that is necessary, in order that the tenant in common who purchased the outstanding title may be protected, is that in a partition, or other proper proceeding, the common property be charged with a lien securing to him the repayment of the money expended by him in making the purchase. This seems to be the theory on which the cases of *Wyatt* v. *Wyatt,* 81 Miss. 227, 32 So. 317, *Walker* v. *Williams,* 84 Miss. 397, 36 So. 450, and *Beaman* v. *Beaman,* 90 Miss. 762, 44 So. 987, were decided, and is in harmony with the rule applied by this court in analogous cases, as, for example, *Watson* v. *Peebles,* 102 Miss. 725, 59 So. 881.

The foregoing rule, however, does not necessarily protect tenants in common against the sale of the property by the cotenant purchasing the outstanding title, for in

*Smith* v. *McWhorter*, 74 Miss. 400, 20 So. 870, it was
held that, although a tenant in common who purchases
an outstanding title to the common property will hold it
as trustee for his cotenants, "adult cotenants with knowl-
edge, or sufficient information to charge them with knowl-
edge, must elect within a reasonable time to hold the
purchaser as a trustee; otherwise those who acquire
rights in the property from him in good faith will be
protected." Appellants, Anna Johnson, Lige Dickerson,
Minnie Bell Allison and Quitman Dickerson, were all
adults at the time of appellee's purchase, Quitman Dick-
erson, the youngest, being twenty-three years old. It fol-
lows, therefore, from the foregoing views that in so far
as they are concerned the court below was in error in
awarding them any share in the partition of this prop-
erty, and therefore they cannot complain of any condi-
tion attached to the award. V. A. Dickerson and Mrs.
May Burrows having been minors at the time of appel-
lee's purchase, and having done nothing since, except re-
main inactive, have not lost their right to share in the
property. The court erred, however, in charging them
with any portion of the money paid out by Weeks in set-
tlement of the debts alleged to have been due by their
mother at her death. Conceding that they could have
made themselves liable therefor, or rather have made it
equitable to charge their shares of the property with
the payment therefor by reason of having misled appellee
in the matter, the evidence, both as to their having mis-
led appellee and as to the fact of the alleged debts being
really due by their mother, is too vague and indefinite
to amount to proof thereof.

The note secured by the deed of trust under which
the land was sold and purchased by A. L. Dickerson being
the joint note of himself and his wife, and each, as be-
tween themselves, being only liable for one-half thereof,
he was only entitled to charge the common property with
the payment of one-half thereof, to which right appellee
by his purchase has succeeded.

Appellants V. A. Dickerson and May Burrows are entitled to an accounting in which appellee should be charged with their proportion of a reasonable rent for the property for the time he has been in possession thereof, and credited with their proportion of one-half of the amount expended by A. L. Dickerson in the purchase of the property, with six per cent. interest annually thereon, amounts expended in the payment of 'taxes, with interest, and for permanent and not ornamental improvements.

*Reversed and remanded.*