Boyd, et al. *v.* Entrekin, et al.

In Banc. April 24, 1950.

No. 37483 (45 So. (2d) 848)

Williams & Williams, for appellants.

Morse & Morse, for appellees.

**Irvin W. Coleman** and **Wm. R. Harris**, for appellee, Gulf Refining Company.

**Lee, J.**

Mrs. Shella Ladner Boyd and three other surviving heirs of Andrew J. Ladner, brought their suit against M. E. Entrekin and the Gulf Refining Company seeking to have themselves declared to be the exclusive owners of a 4/5 interest in the land involved in this cause. The answer denied all the allegations of the bill, raised bars thereto under the statutes of limitation, and was also made a cross bill, with a prayer for confirmation of their title as against the complainants. From a decree dismissing their bill with prejudice and granting the relief prayed for in the cross bill, the complainants therein have appealed.

The material facts are as follows: On December 1, 1899, Andrew J. Ladner and wife executed a deed of trust on the land in question to Pearl River County to secure a loan of $150.00 due in five years. Subsequently they moved to the town of Lumberton, where, five days thereafter, on December 17, 1899, Ladner died, leaving as his surviving heirs, his widow, Mrs. Lydia D. Ladner, and six children, whose ages ranged from 1 to 12 years. On December 14, 1901, the county filed a suit in Chancery Court to foreclose the deed of trust. A decree for the sale of the property was granted on January 1, 1902, and the sale was confirmed by decree dated March 1, 1902. The Commissioner's deed, for a consideration of $200.00 was executed to Randolph Batson on March 12, 1902. It was recorded on the same date. Thereafter, for a like consideration, Randolph Batson conveyed the land to Mrs. Lydia D. Ladner on March 28, 1902. The deed was recorded on the same date.

Mrs. Ladner and her children lived on this land until 1906, when they moved back to Lumberton and never thereafter returned to live on it. Through the following

years, she used the land as her own. On June 24, 1902, she sold 4 acres. She claimed the land, used it as she saw fit, rented it, made repairs, and paid taxes. Such revenue as she received therefrom was used for the support of herself and children.

On June 15, 1936, she conveyed the land by warranty deed to M. E. Entrekin. On January 1, 1938, Entrekin executed an oil lease to Gulf Refining Company; and thereafter, on January 7, 1944, Gulf Refining Company renewed the lease. This suit was filed April 3, 1946.

Appellants have raised a number of questions in their assignment of errors and brief, but we pass at once to the heart of the case.

When Mrs. Ladner, on March 28, 1902, recorded her deed from Randolph Batson, she gave notice to the world that she claimed to be the owner of the land. That act, as against anyone else claiming the land, was an act of ouster. Peeples v. Boykin, 132 Miss. 359, 96 So. 177. No claim of any kind adverse to that of Mrs. Ladner was made thereafter; and by the year 1920, the youngest child was 21 years old, and by 1930, she was 31 years old. Still no claim of any kind by any of them— they said, if they had a claim, they knew nothing of it.

Mrs. Ladner had a recorded deed, valid on its face. She evidently thought that she owned it—she represented to Entrekin that she owned it. On June 15, 1936, she had been in uninterrupted possession under this recorded deed for more than 34 years. She wanted to sell. He wanted to buy. The consideration was agreed upon— fair and reasonable upon its face. She made Entrekin a warranty deed. She cannot be condemned for doing a wrongful act. There was ample legal authority in Sections 709, 710 and 711, Code of 1942, to sustain her claim of exclusive ownership, and her evident good faith representation to that effect.

But, be that as it may, it is beyond cavil that Entrekin, when he purchased the land under these circumstances, had the absolute right to assume that Mrs.

Ladner was the exclusive owner of the land. She had a deed, valid on its face. It had been recorded on the day of its delivery. She had taken possession thereunder, and had been molested in no way as to her title or possession. It was the purpose and intent of Sections 709, 710 and 711, supra, to guarantee a good title to one purchasing land in good faith from another, where such other went into possession under a recorded deed, valid on its face, and continued in uninterrupted possession for a period of 31 years or more.

Barksdale v. Learnard, 112 Miss. 861, 73 So. 736, 738, in our opinion, is a complete affirmation of the good faith principle. Mrs. Barksdale and her husband executed a deed of trust to Hearn & Co. on the land where they lived. Several months thereafter, she died, leaving her husband and their four year old son. About 5 years later, the deed of trust was foreclosed, and the father bought it in. About 2 years thereafter, the father sold to Herron, who immediately went into possession. Meantime, the father and son had moved off of the place. At the time of the purchase, Herron saw the original deed of trust which had been foreclosed. The court held that Herron acquired a perfect title because of his purchase from the father, and that he was a purchaser for value without notice of the son's claim to an interest in the land, using these words: "Herron, therefore, by his purchase from Barksdale (the father), acquired the legal title to the land, and since he was without notice, actual or constructive, that it was held by Barksdale (the father) in trust for the benefit of appellant (the son), he acquired it discharged of such trust." This case was decided subsequent to Dickerson v. Weeks, 106 Miss. 804, 64 So. 731, and Watson v. Vinson, 108 Miss. 600, 67 So. 61, cited by appellants, and the opinion distinguished those cases by observing that the bona fide purchaser for value without notice rule was not involved in either of those cases. The court went on further to say: "Since Herron purchased the land for value without notice of appellant's claim to

an interest therein, he acquired the complete *jus disponedi* thereof.''

In the case of Federal Land Bank of New Orleans v. McCraney, 171 Miss. 191, 157 So. 248, 250, Travis McCraney and wife, Mrs. Mamie McCraney jointly owned the land on which they gave a deed of trust. After the death of Travis, the deed of trust was foreclosed. The trustee made his deed to one Abney, and on the next day, for a like consideration, Abney conveyed the land to Mrs. Mamie D. McCraney. The seven McCraney children by their bill sought to recover their alleged interest in the land by inheritance from their father. The court, in its opinion, re-examined at great length, Barksdale v. Learnard, supra, and said that it was controlling in favor of the appellants there. The opinion said: ''We hold that when Abney purchased the land at the foreclosure sale, the relation of cotenants between Mrs. McCraney and appellees (children) was discharged so far as bona fide purchasers and encumbrancers were concerned.''

We forego further documentation of this opinion by the citation of the many authorities from which the governing principle in this case is deduced, choosing rather that the Bar, if they desire, may refer to the collation of authorities in the cited cases, supra.

The good faith of Entrekin was evident. Even after assurance by Mrs. Ladner of her ownership, his evidence was to the effect that he inquired of the attorney, who prepared the deed, about an abstract. While the evidence on this point was disputed, his version was that the response of the attorney was, ''you have got a whole chain of title in your hand''. Whereupon the attorney handed him the old patent, the deed from Ran Batson to Mrs. Lydia Ladner, and his deed from Mrs. Ladner. Besides, two of the appellants were present when the negotiations on the sale were being had, though they testified that they were paying no attention. One of these was even present when the deed was signed; but he also claimed inattention to the matter.

The appellants said that their mother did not tell them anything about the land, and they knew nothing of their interest therein until the agent of the Oil company sought quit-claim deeds from them. But, they knew their mother had it in her possession. The older ones knew they had been living there just before their father's death, and that after his death, they moved back, and stayed there until 1906, when they left the place and never returned. They knew that they were heirs of their father. Ordinarily, the title to a home place is in the father, and it would be expected that the curiosity of childhood would provoke inquiry about the status of the land, especially after they quit living on it. But not from the appellants —they thought it was their mother's—she claimed it— it belonged to her, as far as they knew. They made no discovery of their interest for 10 years after attaining their majority. They found out nothing about it for the 6 years thereafter until Entrekin bought it. They discovered their interest only when they were asked to sign a quit-claim deed to the oil company. They were then 47 years of age and upwards. If their version is correct, it indicates such a complete indifference to, and disregard of, their rights that they should not, in equity and good conscience, be permitted to prevail over one acting in good faith, and for a sufficient consideration.

We affirm the case on the point dealt with above.

We are indebted to able counsel on both sides for the splendid briefs which they filed.

Thorough consideration has been given to the appellants' contentions as we number them, (1) that the county had no right to bring the foreclosure suit until the loan had matured; (2) the decree for the sale was void because the minors were not lawfully served with process; (3) the Commissioner's deed was invalid; (4) Randolph Batson was Mrs. Ladner's brother-in-law; (5) Mrs. Ladner was guardian of some of the children over a period of time. The several other questions raised

were merged in the point decided. We decline to go into these questions and make the necessary response thereto in view of the ground upon which this decision is placed.

Affirmed.