COTTEN *v.* COTTEN, et al.

Oct. 5, 1953

No. 38829 37 Adv. S. 10 67 So. 2d 268

*Ernest Shelton, Lamar F. Easterling,* Jackson, for appellant.

*Cassidy, McLain, Alford & Pigott, Roach & Jones* and *McClaren & Dixon,* McComb, for appellees.

ETHRIDGE, J.

This appeal raises the question of whether the facts charged in the bill of complaint can withstand special demurrers pleading that appellant, complainant below, Hilton I. Cotten, is barred from asserting his claim to a trust in lands, personal property and money, by his laches and long neglect in asserting his rights. The Chancery Court of Pike County sustained the special demurrers, and dismissed the bill, with thirty days leave to amend, from which this appeal was taken.

The facts charged in the bill, which for instant purposes must be assumed to be true, are long and in considerable detail, so we will not set them out except where necessary to explain this decision.

Junius Lea Cotten, Sr., died in 1897 leaving a will in which he devised to his wife, Tommie Lea Cotten, Lots 4 and 8 of Square L in the City of McComb, Mississippi. He devised to his son, Junius Lea Cotten, Jr., certain lands in Amite County, and to his son, Willie R. Cotten, certain other lands in Amite County. The proceeds of stated life insurance were divided equally between Junius Junior and Willie. The will was probated. Three months after the testator's death in October, 1897, appellant, Hilton I. Cotten, was born to the widow, Tommie Lea Cotten, in January, 1898. As a posthumous child, appellant was entitled to a one-fourth interest in his

father's entire estate. Miss. Code 1892, Sec. 4490; Miss. Code 1942, Sec. 658, 659.

Appellant Hilton I. Cotten filed the present bill of complaint in October, 1950, which is about 31 years, nine months after appellant had become sui juris in 1919. He seeks to recover his one-fourth interest in his father's estate. During the years intervening between his birth and this suit there have been numerous conveyances of some of the lands involved. These grantees, as well as the appellant's brothers, Junius and Willie, are made defendants. Appellant's mother died in 1945. To support his claim appellant charges that the guardianship and estate proceedings after his father's death in 1897 are void, because he and his brothers were not properly summoned into court; and that a 1901 commissioner's deed which conveyed the Amite County lands to his mother created in her a trust for her children, since the lands were bought with the proceeds of a life insurance policy belonging to the three children; and that Junius had assured him that when their mother died, the property would be divided and appellant would receive his just share.

Two special demurrers pleading laches were filed. With reference to them, it should be noted █ that ''as to grounds every demurrer is an entirety whether general or special, but as to parties a special demurrer, if several as well as joint, may be severed as to parties and sustained as to one or more, and overruled as to the others.'' Griffith, Miss. Chancery Practice, (2d Ed. 1950), Sec. 306. The same text in Sec. 305 states: ''A joint and several special demurrer . . . may be sustained as to some complainants or some defendants and overruled as to others.''

The chancery court sustained what for convenience we shall call Special Demurrer No. 1 of Mrs. Carrie Reeves O'Neil, Mrs. Irene Weppler, Mrs. D. R. Patterson, Mrs. A. P. Hardy and First Federal Savings and

Loan Association of McComb. This action was proper as to all of these parties except First Federal Savings and Loan Association of McComb. The bill charges that on September 21, 1926, the widow of testator conveyed a lot 50 feet by 100 feet off the north end of Lot 4, Square L, City of McComb, to Mrs. Carrie Morris Reeves, for a recited consideration of $2,000, and in 1944 Mrs. Reeves conveyed the same property to her daughter, the demurrant, Mrs. Carrie Reeves O'Neil. On the date of the sale in 1926 appellant was 28 years of age and has stood by silently for more than 24 years before raising any question as to the demurrant's title. ██ Appellant under such circumstances was grossly negligent in omitting seasonably to assert his rights to this property, although he had ample opportunity to do so. Hence his laches bar this claim now. The fact, if true, that grantees had knowledge of his claim does not excuse appellant's neglect in asserting his rights. 19 Am. Jur., Equity, Secs. 489-513; Comans v. Tapley, 101 Miss. 203, 57 So. 567 (1912); Reddy v. Aldrich, 11 So. 828, (Miss. 1892); Boyd v. Entrekin, 209 Miss. 51, 45 So. 2d 848 (1950); Alewine v. Pitcock, 209 Miss. 362, 47 So. 2d 147 (1950).

The demurrants, Mrs. A. P. Hardy and Mrs. D. R. Patterson, along with their sister, Mrs. Irene Weppler, demurrant, are prior owners of the N½ of Lot 7, Square X, City of McComb, and Mrs. Weppler is charged to be claiming title when the bill was filed. The bill charges that while appellant was a minor in 1910, appellant's mother borrowed $1,500 on the home place in Lot 4, Square L, and with that money purchased the N½ of Lot 7, Square X, that she then built a residence on it, and in 1912 sold it to John Taylor, the father of Mrs. Weppler, Mrs. Patterson and Mrs. Hardy, from whom they inherited it about 1944. In 1944 Mrs. Patterson and Mrs. Hardy conveyed their interest in the property to Mrs. Weppler. The bill attempts to charge the said three demurrants, and their father, with knowledge of these

transactions by appellant's mother which took place in 1910. Appellant had 31 years after his majority to attack this transaction and failed to do so, and for the reasons stated above, he is barred by his own laches.

The other demurrant in Special Demurrer No. 1 is First Federal Savings and Loan Association of McComb. The bill charges that after the death of the widow, Mrs. Tommie Lea Cotten, in 1945, Junius attempted to convey in 1946 the N¼ of Lot 8, Square L, City of McComb, to William H. Fortenberry, and several months thereafter Fortenberry and wife attempted to execute a deed of trust secured by this property for the benefit of the First Federal Savings and Loan Association of McComb to secure a debt of $6,250. In 1933 the widow, Mrs. Tommie Lea Cotten, had attempted to convey to defendant Junius Lea Cotten, Jr., this property. The bill charges that the grantee, Junius, and the 1946 grantee, Fortenberry, had actual and constructive knowledge of all of the facts including the defective estate and guardianship proceedings, and the trust with appellant, but it did not charge that First Federal had either actual or constructive knowledge of such facts. Hence the special demurrer by First Federal as to that item alone would have been good. However, the demurrer was bad as to that part of First Federal's special demurrer which was directed to its 1946 deed of trust from Maurice Edmonds, et al, which was secured by all of Lot 4, Square L, less 50 feet off the north end thereof, because the bill as to that deed of trust charges that First Federal had actual and constructive notice of the facts rendering the title defective and subject to the trust. In 1933 Mrs. Tommie Lea Cotten had attempted to convey to her son, Junius, the mortgaged lands, and in 1946 he conveyed them to Edmonds, et al., the mortgagors to First Federal, all of whom the bill charged had actual and constructive notice of the facts rendering these deeds invalid. The bill also avers that Junius had led appellant

to believe that after their mother's death, the property would be divided and appellant would receive his just share. And as to the described part in Lot 4 it charged the First Federal with notice of the facts. So with reference to First Federal's deed of trust on the stated part of Lot 4, the bill was good against First Federal's special demurrer. Concerning the grounds of demurrer, the rule is that a special demurrer is an entirety, and therefore the special demurrer of First Federal should have been overruled. Griffith, ibid., Sec. 306, p. 294.

In brief, the sustaining of Special Demurrer No. 1 is affirmed, except as to First Federal Savings and Loan Association of McComb, in which latter respect it is reversed.

The chancery court also sustained Special Demurrer No. 2, filed by Junius Lea Cotten, William H. Fortenberry, Mrs. William H. Fortenberry, Maurice Edmonds, Mrs. Stella Edmonds, Bayliss E. Morton, Mrs. Mary Lewis Morton, Robert Charles Bardwell, and Mrs. Charlene L. Bardwell. We think this was error, except as to the Bardwells, because of the general rule that as to "grounds every demurrer is an entirety whether general or special . . . ," Griffith, Miss. Chancery Practice, (2d Ed. 1950), Sec. 306, p. 294. This demurrer was good as to some of the property, and bad as to the other parts of it.

As to Junius Lea Cotten, we think that the special demurrer based upon laches was good as to the Amite County lands, the personal property, and the money in his father's estate, and that appellant is barred by his negligence and long delay in asserting his claim to those items. But the facts charged against Junius are different with reference to the South three-fourth of Lot 4, and the North one-fourth of Lot 8 of Square L, City of McComb. The bill charges that this property was in the possession of appellant's mother, his cotenant, until her death in

1945. In 1933 the widow had attempted to convey to Junius Lot 4 less a fifty-foot strip off the North end and the North one-fourth of Lot 8, Square L, reserving to the grantor a life estate in that property as her homestead. In 1933 appellant had executed a quitclaim deed to his mother of Lot 4, Square L, except fifty feet off of the north end. But the bill charges that appellant executed this deed solely for the purpose of enabling his mother to give security for a debt which she owed a bank; that he had this agreement with her, that appellant had no intention to convey his one-fourth interest in the property; that Junius was fully advised of these facts, and that his mother and Junius led him to believe that after the mother's death the property would be divided and appellant would get his share. Accepting these averments as true on special demurrer, we do not think that the expiration of the period between the widow's death in July, 1945, and the filing of this suit in 1950 is sufficient to preclude appellant from an opportunity to prove, if he can, the existence of such an agreement and trust relationship.

 On May 7, 1946, after the death of his mother in 1945, Junius attempted to convey the North one-fourth of Lot 8, Square L, to William H. Fortenberry. The bill charges that at that time, Junius did not own the entire title, but that it was subject to the alleged trust agreement with appellant, and that Fortenberry had actual and constructive notice of the facts. Under this averment the special demurrer by the Fortenberrys should have been overruled.

Appellant alleges that in July, 1946, Junius attempted to convey to the defendants, Maurice Edmonds, Mrs. Stella Lewis Edmonds, Bayliss E. Morton and Mrs. Mary Lewis Morton all of Lot 4, Square L, less fifty feet off the north end, in other words, the South ¾th of Lot 4, which was that part of the widow's homestead in Lot 4, and that at the time of the execution of this instrument,

the grantor and grantees knew that Junius did not own the full title, but that he was a trustee in part for appellant as outlined above. Hence the special demurrer of the Edmonds and the Mortons should have been overruled.

 The other two demurrants in Special Demurrer No. 2 are Robert Charles Bardwell and Mrs. Charlene L. Bardwell. The bill of complaint makes no allegations against them, but only designates them as party defendants. Hence the trial court properly sustained their special demurrer and dismissed the bill as to them.

In summary of the chancery court's action on Special Demurrer No. 2, the court erred in sustaining it as to Junius, the Fortenberrys, the Edmonds, the Mortons, and to that extent its action is reversed. The trial court was right in sustaining the special demurrer of the Bardwells and is affirmed thereon.

We do not comment on the rights of any other parties to this action who filed no special demurrer, since these appeals are from, and we are here reviewing only the two decrees of December 12 and 19, 1951, sustaining the special demurrers of the above discussed defendants, and dismissing the bill as to said defendants without prejudice to the right of complainant to amend his bill within 30 days from these dates, if he so desired.

The two groups of appellees herein filed motions to docket and dismiss this appeal, averring that the stated decrees appealed from were not final, and since they were interlocutory, appellant did not follow the statutory procedure for an interlocutory appeal. However, those motions to docket and dismiss are overruled, because under prior decisions the stated decrees dismissing the bill are final decrees. Weathersby v. Pearl River Lumber Company, 88 Miss. 535, 41 So. 65 (1906); Moore v. Evans, 98 Miss. 855, 54 So. 438 (1910); Buckingham v. Jones, 122 So. 531, (Miss. 1929).

Motions to docket and dismiss appeal overruled; on the merits, affirmed in part, and in part reversed and remanded.

*Roberds, P. J.,* and *Lee, Arrington* and *Lotterhos, JJ.,* concur.